1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   STEVE CRUZ,                              CASE NO. CV-F-06-1877 AWI DLB P

12                 Plaintiff,            _____ORDER DISMISSING COMPLAINT
                                                WITH LEAVE TO AMEND
13
            vs.
14   A.K. SCRIBNER, WARDEN, et al.,

15                 Defendants.              [Doc. 1]

16   _____/

17   I.      Screening Order

18          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action

19   pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on December 26, 2007.

20          A.      Screening Standard

21          The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court

23   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

24   or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

25   from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any

26   filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

27   if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

28   granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

                                            1

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

2  relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

3  claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

4  citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

5  Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

6  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

7  425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

8  all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

9       B.     Summary of Plaintiff's Complaint

10    The events at issue in the complaint allegedly occurred at Corcoran State Prison, where plaintiff

11  is presently incarcerated.  Plaintiff names Warden Scribner, Warden Botello and Officers L. Watson,

12  Gardemal, Sheppard-Brooks, Cisneros, Ortiz, Johnson and Rangel as defendants.   Plaintiff seeks

13  monetary and injunctive relief.  Plaintiff alleges that he has been denied the right to participate in the

14  annual "Pow-wow, Banquet and Sweat Ceremony" which is part of his religion.

15       C.     Discussion

16            1.     Section 1983 Claims

17    The Civil Rights Act under which this action was filed provides:

18            Every person who, under color of [state law] . . . subjects, or causes to be
              subjected, any citizen of the United States . . . to the deprivation of any
19            rights, privileges, or immunities secured by the Constitution . . . shall be
              liable to the party injured in an action at law, suit in equity, or other
20            proper proceeding for redress. 42 U.S.C. § 1983.

21  The statute plainly requires that there be an actual connection or link between the actions of the

22  defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department

23  of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has

24  held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning

25  of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to

26  perform an act which he is legally required to do that causes the deprivation of which complaint is

27  made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under

28  section 1983, plaintiff must link each named defendant with some affirmative act or omission that

2

1    demonstrates a violation of plaintiff's federal rights.

2        The court has reviewed plaintiff's allegations and finds that plaintiff has not linked any of the

3    named defendants to any acts or omissions that demonstrate a violation of plaintiff's rights.  In order to

4    state claims for relief under section 1983, plaintiff's allegations must place each defendant on notice as

5    to what acts or omissions allegedly violated plaintiff's rights.  This requires that plaintiff link each

6    defendant, by name, to the acts or omissions complained of.  In the event that plaintiff opts to file an

7    amended complaint, the court will provide plaintiff with the legal standards applicable to his claims in

8    the paragraphs that follow.

9        The First Amendment to the United States Constitution provides that "Congress shall make no

10   law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ."  U.S. Const.,

11   amend. I.  Prisoners "retain protections afforded by the First Amendment," including the free exercise

12   of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987).  However,

13   "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and

14   rights, a retraction justified by the considerations underlying our penal system.'"  Id. (quoting Price v.

15   Johnson, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060 (1948)).  "In order to establish a free exercise violation,

16   [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from

17   engaging in conduct mandated by his faith, without any justification reasonably related to legitimate

18   penological interests."  Freeman v. Arpaio,125 F.3d 732, 736 (9th Cir. 1997).  "In order to reach the

19   level of a constitutional violation, the interference with one's practice of religion 'must be more than an

20   inconvenience; the burden must be substantial and an interference with a tenet or belief  that is central

21   to religious doctrine.'"  Freeman, 125 F.3d at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir.

22   1987)).

23       Equal protection claims arise when a charge is made that similarly situated individuals are treated

24   differently without a rational relationship to a legitimate state purpose.  See San Antonio School District

25   v. Rodriguez, 411 U.S. 1 (1972).  Prison officials cannot discriminate against particular religions.  See

26   Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curium).  Prisons must afford an inmate of a minority

27   religion "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow

28   prisoners who adhere to conventional religious precepts."  Id. at 322.  To succeed on an equal protection

1  claim, a plaintiff must allege that defendants acted with intentional discrimination.  Lowe v. City of

2  Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985); FDIC v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991).

3          Plaintiff fails to state any claims for relief under section 1983 for violation of the Free Exercise

4  Clause of the First Amendment or for violation of the Equal Protection Clause because plaintiff has not

5  linked any of the named defendants to the actions and omissions complained of, and plaintiff has not

6  alleged any facts demonstrating that he was intentionally discriminated against on the basis of his

7  religion.

8          Plaintiff has alleged no facts that indicate that he is pursuing any claims based on a supervisory

9  liability theory.  However, because plaintiff names Warden Scribner and acting Warden Botello, and

10 Facility Captain Rangel as defendants, the court shall provide plaintiff with the applicable legal standard.

11         Plaintiff is informed that supervisory personnel are generally not liable under section 1983 for

12 the actions of their employees under a theory of respondeat superior and, therefore, when a named

13 defendant holds a supervisorial position, the causal link between him and the claimed constitutional

14 violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher

15 v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To show a prima facie

16 case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either:

17 personally participated in the alleged deprivation of constitutional rights; knew of the violations and

18 failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself

19 is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

20 Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d

21 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged

22 to support claims under Section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163,

23 168 (1993).

24         3.    Religious Land Use and Institutionalized Persons Act Claim

25         The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

26         No government shall impose a substantial burden on the religious exercise of a person
           residing in or confined to an institution. . . , even if the burden results from a rule of
27         general applicability, unless the government demonstrates that imposition of the burden
           on that person–
28         (1) is in furtherance of a compelling government interest; and

4

1   (2) is the least restrictive means of furthering that compelling government interest.

2   42 U.S.C. § 2000cc-1.  In his complaint, plaintiff alleges that he has been denied the right to attend and

3   participate in certain ceremonies which are part of the NAI religion.  These allegations fail to state a

4   claim for relief based on violation of RLUIPA, because plaintiff has alleged no facts linking any of the

5   named defendants to the deficiencies complained of.  In order to state a claim, plaintiff must allege facts

6   specifically linking one or more defendants, by name, to the deprivations complained of.

7   D.   Conclusion

8   The court finds that plaintiff's allegations plaintiff's allegations do not give rise to any claims

9   for relief against any of the named defendants under section 1983 or RLUIPA.  The court will provide

10   plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

11   In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-

12   220 requires that an amended complaint be complete in itself without reference to any prior pleading.

13   As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

14   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer

15   serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each

16   claim and the involvement of each defendant must be sufficiently alleged.

17   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

18   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625

19   F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

20   involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

21   connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362

22   (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th

23   Cir. 1978).

24   Finally, if plaintiff chooses to file an amended complaint, plaintiff shall not make any legal

25   arguments or cite to any authority.  (See Complaint provided with this order, § IV.)  Plaintiff shall only

26   set forth the facts at issue in this action and state what causes of actions he is pursuing.  (Id.)  The

27   inclusion of extraneous argument and legal authority may lead to the striking of the amended complaint

28   from the record.

5

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend;

2.  Within thirty (30) days from the date of service of this order, plaintiff shall file an amended complaint curing the deficiencies identified by the court in this order;

3.  The amended complaint shall bear the caption "Amended Complaint;" and

4.  If plaintiff fails to file an amended complaint in compliance with this order, the Court shall recommend that this action be dismissed for failure to obey a court order and failure to state a claim.


IT IS SO ORDERED.

**Dated:**   **October 2, 2007**            **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE